FILED

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BLANCA ESPERANZA CARILLO-CERON, | No. 12-70696 |
| Petitioner, | Agency No. A099-467-134 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2014[**]

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Blanca Esperanza Carillo-Ceron, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order

dismissing her appeal from an immigration judge's ("IJ") decision denying her

application for asylum, withholding of removal, and protection under the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

We reject Carillo-Ceron's contentions related to streamlining because the BIA did not issue a streamlined decision.

Substantial evidence supports the agency's denial of Carillo-Ceron's CAT claim because Carillo-Ceron failed to establish it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

In denying Carillo-Ceron's asylum and withholding of removal claims, the agency found Carillo-Ceron failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077, 1079 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Carillo-Ceron's asylum and withholding of removal claims to

determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam). In light of this remand, we do not reach Carillo-Ceron's remaining challenges to the agency's denial of her asylum and withholding of removal claims at this time.

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**